Leta A. Eschenbacher
Turner, Stoeve & Gagliardi, P.S.
201 W. North River Drive, Suite 190
Spokane, WA  99201
(509) 326-1552; (509) 325-1425 (Fax)
leta@tsglaw.net
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON - TACOMA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IBEW PACIFIC COAST PENSION FUND<br><br>　　　　　　　Plaintiff,<br>　　vs.<br><br>BIRCH ELECTRIC, INC., a Washington corporation,<br><br>　　　　　　　Defendant. | NO.<br><br>COMPLAINT |

Plaintiff alleges as follows:

### I.　　**PARTIES AND JURISDICTION**

1.1　　Plaintiff IBEW Pacific Coast Pension Fund, referred to as the "Trust" or "Trust Fund," maintains a defined benefit multiemployer pension plan ("Plan") established for the purpose of providing pension benefits to eligible members, retirees, and their beneficiaries. The Trust is a joint labor-management Trust Fund created pursuant to Section 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5), and is governed by the

COMPLAINT - 1

Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., as amended. The Trust is governed by an appointed Board of Trustees, who are individually and collectively fiduciaries of the Trust and are entitled to bring this action under ERISA Section 4301; 29 U.S.C. § 1451.

1.2     Defendant Birch Electric, Inc., hereinafter referred to as "Birch" was a Washington State corporation. Birch conducted an electrical contracting business in the Western District of Washington. Birch is administratively dissolved. The corporate officers of Birch were Kevin Canavan and Miranda Canavan.

1.3     The Trust alleges Birch failed to timely pay withdrawal liability and submit to an audit in violation of the governing Agreements and ERISA § 4319; 29 U.S.C. § 1366; ERIA § 502(a)(3); 29 U.S.C. 1132(a)(3). This Court has jurisdiction pursuant to ERISA § 4301(c); 29 U.S.C. § 145(c). Venue in this Court is proper pursuant to ERISA § 4301(d); 29 U.S.C. § 1451(d).

## II.     FACTUAL BACKGROUND

2.1 The Trust re-alleges the allegations contained in paragraphs 1.1 through 1.3 hereof as fully set forth herein.

2.2     Effective March 25, 2003, Birch became signatory to Letters of Assent binding it to the Inside Construction Wireman labor agreement between the Southwest Washington NECA and the Local Union 76 IBEW and the Residential Wireman labor agreement between the Southwest Washington NECA and the Local Union 76, IBEW, hereinafter referred to as the Collective Bargaining Agreements ("CBAs"), and the governing Trust Agreement. These Agreements required payment of employee fringe benefit contributions to the Trust Fund for

COMPLAINT - 2

each hour of covered employment performed within the jurisdiction of the CBAs. Employees of Birch performed covered work in the jurisdiction for which fringe benefit contributions were required.

2.3   Birch submitted a formal termination of its Letter of Assent, effective August 31, 2015 by letter dated November 24, 2014. The Local Union 76 accepted Birch's notice of termination by letter dated December 10, 2014. As such, effective August 31, 2015, Birch no longer had an obligation to contribute to the Trust Fund, at which time the Trust Fund maintained unfunded vested liabilities. Birch subsequently continued to perform work in the jurisdiction and of the type as that covered by the CBAs, triggering an assessment of withdrawal liability in the amount of $515,072.00, representing Birch's proportionate share of the Trust Fund's unfunded vested liabilities.

2.4   The Trust notified Birch of the withdrawal liability assessment and submitted a demand for payment by letter dated June 23, 2017. Birch failed to request a review of the withdrawal liability assessment and failed to submit any scheduled payments, as outlined in the June 23, 2017 letter. On October 17, 2017 Birch submitted a certificate of dissolution, received by the Washington Secretary of State on October 23, 2017. On October 24, 2017, Birch received a Notice of Default for the outstanding withdrawal liability payments. Birch failed to cure the default and has failed to submit any payments to date.

2.5   Additionally, due to Birch's termination of the Letter of Assent and pursuant to the terms of the CBAs and the governing Trust Agreement, Birch was required to submit to a closing audit to ensure correct fringe benefit reporting. The Trust auditor attempted to contact Birch to perform the audit, but no response was received. On December 18, 2017 a demand for

COMPLAINT - 3

compliance with a closing audit was sent to Birch, however, no information or documentation has been provided to the auditor.

### III.  FIRST CAUSE OF ACTION

3.1 The Trust re-alleges the allegations contained in paragraphs 1.1 through 2.5 hereof as fully set forth herein.

3.2 ERISA, as amended by the Multi-employer Pension Plan Amendment Act of 1980 ("MPPAA"), requires that employers who withdraw from a multi-employer defined benefit pension plan are liable for a share of the plan's unfunded vested liabilities at the time of the employer's withdrawal. ERISA § 4201; 29 U.S.C. § 1381.

3.3 Pursuant to ERISA § 4203(b), a construction industry employer incurs a complete withdrawal if the employer ceases to have an obligation to contribute to the plan and continues to perform the same or similar work in the jurisdiction of the collective bargaining agreement. 29 U.S.C. § 1383(b).

3.4 When an employer withdraws from a plan, the plan sponsor must determine the amount of the employer's withdrawal liability, notify the employer of the withdrawal liability, and collect the amount of the withdrawal liability from the employer. ERISA § 4202; 29 U.S.C. § 1382.

3.5 Upon proper notice and demand for payment, if an employer fails to make, when due, any withdrawal liability payment, and the failure is not cured within 60 days after the employer is notified of the failure, the employer is in default and the outstanding amount of the withdrawal liability may be immediately due and owing. ERISA § 4219(c)(5); 29 U.S.C. 1399(c)(5).

```
```

Case 3:18-cv-05068   Document 1   Filed 01/26/18   Page 5 of 7

3.6   Pursuant to ERISA § 4219(c)(3), if withdrawal liability payments are not timely made, interest on the payments shall accrue from the due date until the date on which the payment is made. 29 U.S.C. 1399(c)(3)

3.7   Birch failed to timely submit withdrawal liability payments to the Trust. The Trust properly notified Birch of this failure, however, Birch failed to cure within 60 days of receipt of the notice. As such, the full amount of the withdrawal liability is now due and owing, in the amount of $515,072.00, as well as all accrued interest.

3.8   Unpaid withdrawal liability is treated as delinquent contributions under ERISA § 4301(b); 29 U.S.C. § 1451(b). Under ERISA § 515, contributions shall be made consistent with the terms and conditions of collective bargaining and trust agreements. Pursuant to the Trust Agreement, Birch is liable for liquidated damages of 20% of the amount of unpaid withdrawal liability. Additionally, pursuant to the terms of the Trust Agreement and ERISA § 502(g); 29 U.S.C. § 1132(g), the Trust is entitled to recover reasonable attorney fees and costs in the collection of the withdrawal liability.

## IV.   SECOND CAUSE OF ACTION

4.1 The Trust re-alleges the allegations contained in paragraphs 1.1 through 3.8 hereof as fully set forth herein.

4.2   Pursuant to the terms of the CBAs and the governing Trust Agreement, employers are required to provide any information and documentation requested by the Trust and are subject to demand for audit to ensure correct reporting and payment of fringe benefit contributions.

4.3     Birch was signatory to the Letter of Assent, binding it to the CBA and the governing Trust Agreement from 2005 through 2015. As such, Birch is obligated to comply with all terms and provisions therein. While Birch terminated the Letter of Assent effective August 31, 2015, it is still obligated to provide any requested information relating to the time period for which it was signatory.

4.4     The Trust has requested that Birch submit to a closing audit due to its termination of the Letter of Assent, however, Birch has failed to do so, and as such, failed to comply with the terms of the governing Agreements.

4.5     The Trust is entitled to enforcement of the terms of the governing Agreements pursuant to ERIA § 502(a)(3); 29 U.S.C. 1132(a)(3).

## V.     REQUEST FOR RELIEF

Plaintiff Trust Fund respectfully requests the Court grant the following relief:

7.1     Judgment in favor or the Trust Fund and against Birch for unpaid withdrawal liability, liquidated damages, interest, and attorney fees and costs incurred by the Trust;

7.2     An Order compelling the Employer to submit to a closing audit of its payroll and business records, pursuant to the terms of the Trust Agreement; and

7.3     Such other relief as the Court deems just and equitable.

///

///

///

COMPLAINT - 6

1 | DATED this ___ day of January, 2018.

2 |                                TURNER, STOEVE & GAGLIARDI, P.S.

s/ Leta Eschenbacher
LETA ESCHENBACHER WSBA #47091
Attorney for Plaintiff
201 W. North River Drive, Suite 190
Spokane, WA 99201
(509) 326-1552
(509) 325-1425 (Fax)
leta @tsglaw.net

COMPLAINT - 7